Darryl A. PHELPS, Plaintiff-Appellant,

v.

N. KAPNOLAS, Correctional Officer, Defendant-Appellee.

No. 2053, Docket 96–2242.

United States Court of Appeals, Second Circuit.

Argued Aug. 7, 1997.

Decided Aug. 19, 1997.

Daniel J. Kramer, Schulte Roth & Zabel LLP, New York City, for Plaintiff-Appellant.

Gina M. Ciccone, Asst. Atty. Gen. of the State of New York, Albany, NY, for Defendant-Appellee.

Before: CALABRESI and PARKER, Circuit Judges, and MCCURN, District Judge.[*]

CALABRESI, Circuit Judge:

Plaintiff Darryl A. Phelps appealed *pro se* from the dismissal of various 42 U.S.C. § 1983 claims, originally filed against six defendants. He moved for appointment of counsel, and his motion was granted, but only as to one of the claims raised in his original complaint: "whether Phelps's seven day bread diet deprived him of nutrition at a level that violated the Eighth Amendment." *Phelps v. Kapnolas*, No. 96–2242 (2d Cir. Jan. 16, 1997). This issue was never addressed by the court below, which, before service of process, *sua sponte* dismissed without prejudice the § 1983 action in its entirety against five of the defendants, and ordered that process be served on the remaining defendant, Correctional Officer N. Kapnolas. The court then granted defendant Kapnolas' motion to dismiss all claims against him, once again without addressing the issue of the alleged Eighth Amendment violation.

Because five of the six original defendants were never served, only defendant Kapnolas appeared on the appeal. Kapnolas defended solely on the ground that he was not personally involved in the imposition of the restricted bread diet. Accordingly, the merits of the Eighth Amendment claim have not been briefed and argued by any of the defendants. It is, therefore, premature to decide this issue, which has been held to be sufficiently meritorious to warrant appointment of counsel. *See Phelps v. Kapnolas*, No. 96–2242 (2d Cir. Jan. 16, 1997) (order granting motion for appointment of counsel); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir.1989) ("[A] threshold showing of some likelihood of merit [ ] should be borne in mind by trial and appellate courts in deciding whether to appoint counsel."). And we remand so that the issue can be dealt with in a systematic fashion.

Plaintiff Darryl A. Phelps is incarcerated in the Southport Correctional Facility in Pine City, New York. Phelps filed *pro se* a 42 U.S.C. § 1983 action on July 25, 1994. His original complaint named Kapnolas and five other defendants: Correctional Officer D. Hable; R. McCellan, the superintendent; Delany Steward, the hearing officer; and two unnamed John Doe's. Phelps alleged that his civil rights were violated on July 1, 1994, when Kapnolas entered his cell, confiscated and destroyed some of his personal possessions, and verbally harassed him. He also claimed that he was unjustly charged with assault and commission of an unhygienic act on July 15, 1994. Having been found guilty at a disciplinary hearing, at which Kapnolas and Hable testified, Phelps alleged that he was denied due process of law at this hearing, and that the two named correctional officers testified falsely against him. Finally, Phelps claimed that his sentence of 60 days of solitary confinement and a seven day restricted bread diet violated his constitutional rights.

By order of December 9, 1994, the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*) *sua sponte* dismissed the complaint, without prejudice, against Hable, McCellan, Steward, and the two John Doe's. It did so before service of process. The court found that the plaintiff had failed to plead the essential elements of a § 1983 suit with respect to each of these defendants, and held that the complaint was frivolous as a matter of law, *see* 28 U.S.C. § 1915(d). In doing this, the court addressed Phelps' allegations of false testimony by the correctional officers and his claims of denial of due process at the disciplinary hearing, but did not mention the allegation that the seven day bread diet constituted cruel and unusual punishment. The court directed that process be served on defendant Kapnolas, who was specifically named in the complaint in connection with the destruction of personal property and the proffering of false testimony.[1] Defendant

---

[*] The Honorable Neal P. McCurn, Senior District Judge of the United States District Court for the Northern District of New York, sitting by designation.

1. Phelps was granted leave to proceed *in forma pauperis*. In this circumstance, "[t]he officers of the court" are directed to "issue and serve all process." 28 U.S.C. § 1915(d) (Supp.1997); *see*

Kapnolas was thus the only defendant to be served in this suit.

On January 30, 1996, the district court granted defendant Kapnolas' motion to dismiss and dismissed the case in its entirety. The court adopted the findings of Magistrate Judge Leslie G. Foschio, whose report addressed Phelps' claims of violations of his Fourth Amendment right to privacy and his right to due process at the disciplinary hearing. Again, no mention was made of the imposition of the seven day bread diet. Phelps appealed and, by order of January 16, 1997, we granted his motion for counsel to address the bread diet issue, but dismissed the remainder of his appeal.

■ As a preliminary matter, we construe plaintiff Phelps' notice of appeal as applying to both the December 9, 1994, and the January 29, 1996, orders granting defendants' motions to dismiss. The former, which dismissed the complaint as to five of the original defendants, was not a final order, and therefore, Phelps could not appeal it until final judgment was entered on January 30, 1996.[2] Phelps' *pro se* notice of appeal does not specify either of the orders. This omission is not, however, crucial, for "although an appellant is required, under Rule 3(c) of the Federal Rules of Appellate Procedure, to 'designate the judgment, order or part thereof appealed from,' it is well settled that courts should apply a liberal interpretation to that requirement." *Conway v. Village of Mount Kisco*, 750 F.2d 205, 211 (2d Cir.1984) (footnote omitted); *see also Coppedge v. United States*, 369 U.S. 438, 442 n. 5, 82 S.Ct. 917, 920 n.5, 8 L.Ed.2d 21 (1962) (courts should take "a liberal view of papers filed by indigent and incarcerated defendants"). Accordingly, we infer from the appeal of the final judgment that Phelps means to contest the earlier dismissal against the five defendants, as well as the dismissal against Kapnolas. *See Conway*, 750 F.2d at 211–12 (where a complaint alleged multiple claims against multiple parties, the court held that the appeal from the earlier dismiss-

al was properly before it as to a *pro se* plaintiff whose previous counsel had filed an appeal from the final disposition).

■ We cannot say that there are no facts under which the imposition of the seven day bread diet might constitute cruel and unusual punishment in violation of the Eighth Amendment. We, therefore, vacate the dismissal of plaintiff's complaint with respect to this issue as against all six original defendants. We order that the five defendants, as to whom the suit was dismissed in its entirety pursuant to the December 9, 1994, order, be served with notice of this claim. The district court should appoint counsel and permit Phelps to amend his complaint if necessary. We recommend that Daniel J. Kramer, who represented Phelps on this appeal, be appointed as counsel to argue the merits of this issue to the district court and on any eventual appeals to this court. We make no comment, except as stated above, on the merits of the Eighth Amendment claim, nor do we preclude defendant Kapnolas (or any other defendant) from offering defenses to that claim, including that of no personal involvement in the imposition of the bread diet.

We believe that the prior order of this court should be read as affirming the district court's dismissal of all other charges in the complaint against *all six* defendants. *See Conway*, 750 F.2d at 211–12 (an appeal from a final disposition should be construed as an appeal from earlier dismissals). To the extent that there may be any doubt in the matter, we herewith affirm that dismissal as to all defendants on all claims except Phelps' Eighth Amendment allegation.

The judgment of the district court is affirmed in part, vacated in part, and the case is remanded to the district court, with instructions to serve process on the remaining five defendants named in the complaint, and to consider whether the imposition of a seven

---

*also* Fed.R.Civ.P. 4(c)(2) (incarcerated *pro se* litigant proceeding *in forma pauperis* may rely on service by the U.S. Marshals).

**2.** An order, like that of December 9, 1994, which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," is not final as to any party. Fed.R.Civ.P. 54(b).

day restricted bread diet deprived plaintiff Phelps of his Eighth Amendment rights.