**Bart BROPHY, Plaintiff–Appellant,**

v.

**NORTHROP GRUMMAN CORPORATION, Defendant–Appellee.**

No. 02–7257.

United States Court of Appeals, Second Circuit.

Jan. 24, 2003.

Bart Brophy, Hilton Head, SC, for Appellant, pro se.

Christopher A. Parlo, Morgan, Lewis & Bockius, LLP (James P. Philbin, III, on the brief) New York, NY, for Appellee.

PRESENT: VAN GRAAFEILAND, B.D. PARKER, Jr., Circuit Judges, and RAKOFF,* District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 24th day of January, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED in part, and to the extent the appeal is not dismissed, the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Bart Brophy, *pro se*, appeals from the February 9, 2002 judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*), denying Brophy's motion for reconsideration of the District Court's December 27, 2000 judgment granting summary judgment to defendant-appellee Northrop Grumman Corporation.

---

* The Honorable Jed. S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Brophy brought suit against Northrop Grumman alleging that, as a result of a reduction in force of Northrop Grumman's Long Island operations, he was selected to be terminated as a result of his disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117. Brophy also alleged that Northrop Grumman failed to accommodate his disability, in violation of the ADA, by failing to provide him with a courtesy interview for eight positions to which he sought to be transferred and by refusing his request for a "stand up" wheel chair. Finally, Brophy alleged that Northrop Grumman retaliated against him in violation of the ADA by freezing his salary after he requested the stand-up wheelchair.

The District Court granted Northrop Grumman's motion for summary judgment, concluding that Brophy had failed to establish a *prima facie* case of discrimination in his termination because there was no evidence demonstrating that he was terminated because of his disability. The District Court also found that Northrop Grumman's failure to provide Brophy with courtesy interviews did not violate the ADA because Brophy had not presented any evidence that he was qualified for the positions he sought. The District Court rejected Brophy's stand-up wheelchair claim because Brophy admitted that he was able to perform all the essential functions of his job without standing. Finally, the District Court found that Brophy failed to present any evidence of a causal connection between his request for a wheelchair and the salary freeze, which was implemented company-wide.

On December 27, 2000, judgment was entered in favor of Northrop Grumman.

In a letter dated December 29, 2000 but not filed until March 13, 2001, Brophy moved for reconsideration of the District Court's order granting Northrop Grumman summary judgment.[1] In a subsequent series of letters to the court, Brophy argued that: (1) he was entitled to reassignment because he was qualified for the positions that he had sought; (2) the District Court overlooked Supreme Court precedent; and (3) the District Court misinterpreted the ADA, which requires reassignment to a vacant position.

On February 9, 2002, the District Court denied Brophy's motion for reconsideration, finding that Brophy failed to present evidence that he was qualified for the reassignment positions and that Northrop Grumman was not required to create a job or reassign him if no positions were available. The District Court also found that Brophy did not refer the court to any decisions that it had overlooked and that he would not be allowed to submit new evidence in support of his motion for reconsideration. On March 8, 2002, Brophy filed a notice of appeal stating that he was appealing the February 9, 2002 decision of the District Court.

■ As an initial matter, Brophy appears to have forfeited his right to appeal from the District Court's December 27, 2000 judgment because his notice of appeal references only the District Court's February 9, 2002 denial of his motion for reconsideration. *See* Fed. R.App. P. 3(c)(1)(B) (requiring that notice of appeal "designate the judgment, order, or part thereof being appealed"). Even if we were to construe Brophy's notice of appeal liberally and apply it to the December 27, 2000 judgment, however, *see Phelps v. Kapnolas*, 123 F.3d

---

1. The letter was postmarked January 16, 2001 and received in the chambers of Magistrate Judge E. Thomas Boyle on January 22, 2001, and it states that it was faxed to defense counsel on January 15, 2001.

91, 93 (2d Cir.1997), Brophy's appeal from that judgment is untimely, and we lack jurisdiction to consider it.

A notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(A). The timely filing of a notice of appeal is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (internal quotation marks omitted). The timely filing of a motion to alter or amend a judgment under Fed.R.Civ.P. 59 extends the time to appeal to 30 days after the entry of the order disposing of the Rule 59 motion. Fed. R.App. P. 4(a)(4)(A)(iv). A Rule 59 motion to alter or amend a judgment must be filed within 10 days after entry of the judgment sought to be reconsidered. Fed.R.Civ.P. 59(e).

As discussed above, the initial District Court judgment was entered on December 27, 2000, and Brophy's motion for reconsideration was filed on March 13, 2001 and served upon opposing counsel on January 15, 2001. Because Brophy's Rule 59 motion was not timely filed (i.e., he did not file it within 10 days after entry of the December 27 judgment), the motion did not extend his time to appeal from the December 27 judgment. *See* Fed. R.App. P. 4(a)(4)(A). Brophy filed his only notice of appeal on March 8, 2002, far more than thirty days after the entry of the December 27, 2000 judgment. Therefore, to the extent Brophy appeals from the December 27, 2000 judgment, his appeal is untimely, and we lack jurisdiction to consider it. Fed. R.App. P. 4(a)(1)(A); *Browder,* 434 U.S. at 264, 98 S.Ct. 556.

Brophy's notice of appeal was timely, however, as to the motion for reconsideration. We review the denial of a motion for reconsideration for an abuse of discretion. *See Baker v. Dorfman,* 239 F.3d 415, 427 (2d Cir.2000); *see also Malik v. McGinnis,*

293 F.3d 559, 561 (2d Cir.2002). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to ... matters ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).

Brophy submitted several letters in support of his motion for reconsideration. None of these letters argued that the District Court had overlooked matters that had not already been presented to and rejected by that court. On his motion for reconsideration, Brophy merely set forth the standard for ADA actions and argued that the relevant facts—all of which had been placed before the District Court on the summary judgment motion—created a genuine issue of material fact. In other words, Brophy's argument on reconsideration was precisely the argument that he had made, and that the District Court had rejected, in his opposition to Northrop Grumman's summary judgment motion. Because Brophy failed to identify any legal or factual matters that the District Court had overlooked in granting Northrop Grumman's summary judgment motion, the court did not abuse its discretion in denying Brophy's motion for reconsideration. *See Shrader,* 70 F.3d at 257 (noting that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Accordingly, Brophy's appeal from the December 27, 2000 judgment of the District Court is DISMISSED, and the February 9, 2002 judgment of the District Court is AFFIRMED.