SUMMARY ORDER

Appellant Barbara Blake, pro se, appeals the district court’s order dismissing her claims of race and sex discrimination and breach of the duty of fair representation against the American Postal Workers Union (“APWU”), and its grant of summary judgment dismissing her claims of race and sex discrimination and retaliation against the United States Postal Service (“USPS”). We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
I. Claims against the APWU[1]
Despite the APWU’s failure to appear or file an appellate brief as a result of it not being listed as a party, an independent review of the record and relevant case law reveals that the district court properly granted the APWU’s motion to dismiss. We affirm for substantially the reasons stated by the district court in its thorough and well-reasoned October 2004 opinion and order.
II. Claims against the USPS
A. Disparate Treatment
The district court properly granted the USPS’s motion for summary judgment with regard to Blake’s disparate treatment claims, because Blake did not put forth any evidence from which a reasonable juror could conclude that her termination occurred under circumstances giving rise to an inference of discrimination or that the other incidents constituted adverse employment actions. Thus, Blake failed to establish a prima facie case of discrimination. See Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir.2004) (cit *234 ing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 98 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).
B. Retaliation
The district court also properly found that Blake failed to rebut the USPS’s legitimate, non-retaliatory reason for her removal — her physical altercation with Figueroa. Although Blake attempts to create an issue of fact as to when Figueroa’s suspension was modified, it is clear from the record documentary evidence that Figueroa’s suspension was changed only in March 2002, after the arbitrator had found that Blake was responsible for the altercation. Blake offered no evidence that would permit a reasonable fact-finder to infer that the USPS’s stated reason was pretextual and that retaliation was the real reason, and, accordingly, the district court properly granted the USPS summary judgment on this claim.
C. Hostile Work Environment
With respect to Blake’s hostile work environment claim, a review of the evidence shows that, even if all the incidents that Blake alleged had occurred, the conduct was not sufficiently pervasive to alter the conditions of her employment, nor was there any evidence that it was on account of Blake’s race or sex. See Alfano v. Costello, 294 F.3d 365, 374 (2d Cir.2002) (“[I]t is ‘axiomatic’ that in order to establish a sex-[or race-]based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex [or race].).” Blake provided no evidence of a general atmosphere permeated with racial or sexual intolerance, did not point to a single discriminatory remark, and admitted that she did not believe that any of Martinez or Figueroa’s actions were on account of her race of sex. Id.
III. Appointment of Counsel
With respect to Blake’s motion for appointment of counsel, the district court did not abuse its discretion in denying her motion. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir.1986).
We have carefully reviewed the Appellant’s remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. Any outstanding motions are DENIED as moot.

. As a preliminary matter, we determine that we have jurisdiction over Blake's claims against the APWU. We construe Blake's notice of appeal as applying both to the district court's October 2004 order dismissing the complaint as to the APWU and the September 2007 order granting the USPS summary judgment. See Phelps v. Kapnolas, 123 F.3d 91, 93 (2d Cir.1997) (noting that omission of ear-her non-final order in pro se’s notice of appeal was not crucial under Fed. R.App. P. 3(c)'s requirement to "designate the judgment, order or part thereof appealed from,” because "it is well settled that courts should apply a liberal interpretation to that requirement”) (quoting Conway v. Village of Mount Kisco, 750 F.2d 205, 211 (2d Cir.1984)).