08-1680-pr
Muller v. Holmes

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand nine.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
              PIERRE N. LEVAL,
                    <u>Circuit Judge</u>,
              GEORGE B. DANIELS,*
                    <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
RA'SHAUN MULLER,

           <u>Plaintiff-Appellant</u>,

           -v.-                                    08-1680-pr
ALTON HOLMES and CATHERINE DUNCAN,**

           <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

---

* The Honorable George B. Daniels, United States District Court for the Southern District of New York, sitting by designation.

** The Clerk of Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

**APPEARING FOR APPELLANT:**    ROBERT J. BOYLE, Law Office of Robert J. Boyle, New York, N.Y.

**APPEARING FOR APPELLEES:**    MARTIN A. HOTVET, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General), Office of the Attorney General, Albany, N.Y.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Ra'Shaun Muller, an inmate, sued two employees of the New York State Department of Correctional Services, under 42 U.S.C. § 1983, alleging that they reduced his pay and discharged him from his prison job, in retaliation for filing inmate grievances. Muller appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u> and Kahn, <u>J.</u>), dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Muller's appellate brief challenges (i) the denial of his request for the issuance of four writs of habeas corpus <u>ad testificandum</u>, (ii) the grant of partial summary judgment in favor of the defendants with respect to the job removal basis of his retaliation claim, and (iii) the denial of his request that the district court ask particular questions during the <u>voir dire</u>. However, our appellate jurisdiction is limited to the district court's March 13, 2008 denial of Muller's request for the issuance of four writs of habeas corpus <u>ad testificandum</u>.

Muller's notice of appeal provides: "NOTICE is hereby given that Mr. RA'SHAUN MULLER, Plaintiff in the above named case, hereby Appeals to the United States Court of Appeals for the Second Circuit from an Order denying the testimony of inmate and non-inmate witnesses and impeding plaintiff's

2

full and fair opportunity to be heard, entered on the 13th day of March, 2008, and received by plaintiff on the 17th day of March, 2008."

We liberally construe notices of appeal, especially notices filed pro se. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account."); Marvin v. Goord, 255 F.3d 40, 42 n.1 (2d Cir. 2001) (per curiam) (pro se notices of appeal are construed liberally); Phelps v. Kapnolas, 123 F.3d 91, 93 (2d Cir. 1997) (same). Nevertheless, appellate "jurisdiction is limited by the wording of the notice." The New Phone Co., Inc. v. City of New York, 498 F.3d 127, 130 (2d Cir. 2007) (per curiam); see also Fed. R. App. P. 3(c)(1) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed."). The express language of Muller's notice of appeal thus limits our jurisdiction to review of the denial of Muller's request for the issuance of four writs of habeas corpus ad testificandum.

The district court denied Muller's request based on the following reasoning:

> [The] requested inmate witnesses would purportedly testify only to their own circumstances of being removed and then returned to their employment within the Medical Unit following their release from "keeplock." Inasmuch as the Court has already decided that "plaintiff's removal from his job cannot form the basis for any part of plaintiff's retaliation claim," the purported testimony of these witness[es] would be irrelevant to the issue to be tried.

The district court determined that the testimony that might be obtained via issuance of the writs would focus on the job discharge claim, which had been dismissed pursuant to an earlier grant of partial summary judgment, and that the testimony would not be relevant to the remaining pay reduction basis of Muller's retaliation claim. Muller's arguments to the contrary lack merit. Accordingly, we detect no error in the district court's denial of Muller's request for the issuance of four writs of habeas corpus ad testificandum.

3

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____