08-5482-cv
Wilson v. Family Dollar Stores

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        CHESTER J. STRAUB,
        ROBERT A. KATZMANN,
                Circuit Judges.

_____

Elisa Wilson,

        *Plaintiff-Appellant*,

        v.                                          08-5482-cv

Family Dollar Stores,

        *Defendant-Appellee*.

_____

FOR APPELLANT:        Elisa Wilson, *pro se*, Beaufort, SC.

FOR APPELLEE:         Keith J. Rosenblatt, Littler Mendelson, P.C., Newark, NJ.

Appeal from the United States District Court for the Eastern District of New York (Trager, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Elisa Wilson, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Trager, *J.*), granting summary judgment in favor of Appellee in Appellant's employment discrimination action brought under Title VII, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, we address Appellant's arguments on appeal relating to claims dismissed by the district court prior to summary judgment. Appellee correctly points out that Appellant's notice of appeal did not include any reference to the district court's order partially dismissing Appellant's complaint. Although pro se notices of appeal should be liberally construed, *Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997), Federal Rules of Appellate Procedure 3 and 4 are jurisdictional and the failure to identify an order in a notice of appeal deprives us of jurisdiction to review that order, *New Phone Co.*

*v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007) (holding that this Court's jurisdiction "depends on whether the intent to appeal from that decision is clear on the face of, or can be inferred from, the notice[] of appeal"). Thus, because the notice of appeal did not mention the district court's dismissal order and Appellant's intent to appeal from it cannot be inferred from her notice of appeal, we lack jurisdiction to review the dismissal of Appellant's race, color, religion, and age discrimination claims.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

Having conducted an independent and *de novo* review, we conclude, for substantially the same reasons stated by the district court, that Appellant failed to establish that she was disabled within the meaning of the ADA or that she was able to perform the essential functions of her position; that any circumstances existed giving rise to an inference of

3

discrimination; that any of her employer's alleged conduct could support a hostile work environment or constructive discharge claim; that Appellant had engaged in any protected activity under Title VII; or that she had been denied any discovery materials to which she had been entitled.

We do not consider Appellant's claims, raised for the first time on appeal regarding her claim for disability benefits and a "breach of trust." *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."). Furthermore, even if Appellant's conspiracy claim, first raised in opposition to summary judgment, was properly before this Court, her conclusory allegations are insufficient to state a claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

We have carefully considered Appellant's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4