09-1186-cv
Bishop v. Toys R Us-Delaware, Incorporated

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand ten.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
>> *Circuit Judges.*

_____

Samaad Bishop*, in propria persona,*
> *Plaintiff-Appellant,*

-v.-                                                                                    09-1186-cv

Toys R Us, Delaware, Incorporated, doing business as Toys R Us,
Incorporated, doing business as Kids R Incorporated,
doing business as Babies R Us, Incorporated, also known
as Toys R Us, Incorporated,
> *Defendant-Cross-Claimant-Cross-Defendant-Appellee*,

John Doe, Security Guard, Jose Nieves, in his individual
and official capacity as store director, Gregory D. House,
in his individual and official capacity as sales and service
manager, Metro One Loss Prevention Group (Guard
Division NY) Inc., Michael McDaniel, in his individual
and Official capacity as security guard*,*
> *Defendants-Cross-Defendants-Appellees*,

Toys "R" US-NY, LLC,
> *Defendant-Appellee.*

_____

Appearing for Appellant:          SAMAAD BISHOP, *pro se*, New York, New York.

Appearing for Appellees:          ANNA J. ERVOLINA, Morris Duffy Alonso & Faley, New York, New York.

                                        MARY C. AZZARETTO, McAndrew, Conboy & Prisco, LLP, Woodbury, New York.

UPON DUE CONSIDERATION, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Samaad Bishop, *pro se*, appeals from the February 8, 2006 order of the United States District Court for the Southern District of New York (Castel, *J.*) granting in part the defendants-appellees' motion for judgment on the pleadings. Bishop also appeals the February 19, 2009 order of the district court granting the defendants-appellees' motion for summary judgment. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* an order granting summary judgment and will affirm the order only upon a finding that there are no genuine questions of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine questions of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). In addition, "[w]e review *de novo* a district court's dismissal of a suit pursuant to a motion for judgment on the pleadings." *Desiano v. Warner-Lambert & Co.,* 467 F.3d 85, 89 (2d Cir. 2006).

We liberally construe Bishop's notice of appeal to include the district court's February 2006 order granting in part the defendants' motion for judgment on the pleadings. *See, e.g.,*

*Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997) (explaining that pleadings and filings of *pro se* litigants shall be construed broadly). After reviewing Bishop's arguments on appeal, as well as the record of proceedings below, we affirm the district court's decisions for substantially the same reasons stated by the district court in its thorough and well reasoned opinions.

With respect to Bishop's equal benefit claim under 42 U.S.C. § 1981, Bishop is correct that the district court did not explicitly address two declarations he submitted in support of his motion for summary judgment. Even affording the declarations full weight, as we must, and after reviewing the surveillance tape for the day in question, we hold that Bishop still has not established that the receipt-checking policy at issue was employed in a discriminatory manner. *See, e.g., Demery v. Extebank Deferred Comp. Plan (b),* 216 F.3d 283, 286 (2d Cir. 2000) (explaining that existing questions of fact that are immaterial to the appellant's underlying claims are not grounds for reversal of a grant of summary judgment).

We have considered all of Bishop's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**. Additionally, Bishop's motions to strike portions of the appellees' briefs and for sanctions are **DENIED** as nothing in the appellees' briefs warrants such relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk