09-4489-cv
Ou v. New York City Health and Hospitals
Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of April, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> PETER W. HALL,
> > *Circuit Judges*.

―――――――――――――――――――――――――――

Congzhen Ou,

　　　　　　　*Plaintiff-Appellant*,

　　　　　　　v.　　　　　　　　　　　　　　　　　　　09-4489-cv

New York City Health and Hospitals Corp.,

　　　　　　　*Defendant-Appellee*.

―――――――――――――――――――――――――――

FOR APPELLANT:　　　　Congzhen Ou, *pro se*, New York, NY.


FOR APPELLEE:　　　　　Michael A. Cardozo, Corporation Counsel for the City of New York; Marta Ross, Assistant Corporation Counsel for the City of New York (*on the brief*), New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is *sua sponte* **DISMISSED** for lack of jurisdiction.

Appellant Congzhen Ou, proceeding *pro se*, appeals the district court's judgment dismissing her employment discrimination action for failure to prosecute. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

"[W]e construe notices of appeal liberally, taking the parties' intentions into account," *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 256 (2d Cir. 1995), especially with respect to *pro se* litigants, *see Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997). However, because a notice of appeal must "designate the judgment, order, or part thereof being appealed" pursuant to Fed. R. App. P. 3(c)(1)(B), our jurisdiction "depends on whether the intent to appeal from [the] decision [at issue] is clear on the face of, or can be inferred from, the notices of appeal." *New Phone Co. Inc. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007); *see also Shrader*, 70 F.3d at 256 (stating that, where a notice of appeal "fail[s] to mention" a specific order, we are "bar[red] from considering" an appellate challenge to that order). The requirements set forth in Fed. R. App. P. 3 and 4 are jurisdictional in nature, and, as a result, cannot be waived. *See Bowles v. Russell*, 551 U.S. 205, 208-09 (2007) (regarding Rule 4); *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 452 (2d Cir. 2008) (regarding Rule 3), *overruled on other grounds by Hemi Group, LLC v. City of New York*, —U.S.—, 130 S. Ct. 983, 994 (2010).

Here, Ou's October 2009 Rule 60(b) motion and notice of appeal were both filed well beyond the time limit within which she could have either appealed from the district court's

2

October 2008 judgment or tolled the time limit within which to appeal. *See* Fed. R. App. P. 4(a)(1) and 4(a)(4)(A)(vi). Although her notice of appeal was timely filed from the order denying her Rule 60(b) motion, it did not reference that order, stating only as follows: "[n]otice is hereby given that Congzhen Ou hereby appeals to [this Court] from the Judgment dismiss[ing] the case entered in this action on the 6[th] day of October, 2008." There simply is no information in Ou's notice of appeal that would permit an inference that she intended to appeal the October 2009 order denying her Rule 60(b) motion. *See New Phone*, 498 F.3d at 131. Accordingly, we have *sua sponte* determined that we lack jurisdiction to hear the appeal, and the appeal is hereby **DISMISSED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk