11-2697-cv
Tolliver v. McCants

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of June, two thousand twelve.

PRESENT:  JON O. NEWMAN,
               RALPH K. WINTER,
               REENA RAGGI,
                    *Circuit Judges*.

------------------------------------------------------------------------

ORRIN LYNN TOLLIVER, JR., a.k.a. David Payton,
               *Plaintiff-Appellee*,

        v.                                    No. 11-2697-cv

JAMES LOUIS MCCANTS, d.b.a. Jimi Mac Music, d.b.a. OG Music,
               *Defendant-Appellant*.[*]

------------------------------------------------------------------------

FOR APPELLANT:      James Louis McCants, *pro se*, Akron, Ohio.

FOR APPELLEE:      Oren J. Warshavsky, Baker & Hostetler LLP, New York, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 24, 2011, is AFFIRMED.

Defendant James McCants appeals pro se from an award of summary judgment in favor of plaintiff Orrin Lynn Tolliver, Jr., on the issue of McCants's liability for copyright infringement. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Jurisdiction

As an initial matter, Tolliver argues that we lack jurisdiction to review McCants's challenge to the district court's March 25, 2009 order because his notice of appeal only expressly referenced the district court's January 21, 2010 order. Although the requirement that a notice of appeal must "designate the judgment, order, or part thereof being appealed" is jurisdictional, Fed. R. App. P. 3(c)(1)(B); see Gonzalez v. Thaler, 132 S. Ct. 641, 651–52 (2012), "we construe notices of appeal liberally, taking the parties' intentions into account," Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995). Our appellate jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[] of appeal," New Phone Co. v. City of N.Y., 498 F.3d 127, 131 (2d Cir. 2007), a rule that is itself subject to the particular liberal application that pertains to pro se filings, see, e.g., Phelps v. Kapnolas, 123 F.3d 91, 93 (2d Cir. 1997).

2

Attached to McCants's notice of appeal was a letter stating that he was challenging the "judgment" against him. At the time, the only "judgment" against McCants was a partial judgment as to liability, and the district court's reasoning for finding such liability established as a matter of law was encompassed in both its March 2009 and January 2010 orders. In these circumstances, McCants's notice of appeal can reasonably be construed as expressing an intent to appeal from all aspects of the district court's decision regarding liability, whether reflected in the March 2009 or the January 2010 orders. Accordingly, we have appellate jurisdiction to review both decisions.

2.    Merits

Reviewing the summary judgment award de novo, see Wilson v. C.I.A., 586 F.3d 171, 183 (2d Cir. 2009), we identify no error. Under the Copyright Act, ownership of a copyright "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). "It is elementary that the lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him; nor can a joint owner of a copyright sue his co-owner for infringement." Cortner v. Israel, 732 F.2d 267, 271 (2d Cir. 1984). Copyright ownership may be transferred in whole or in part, see 17 U.S.C. § 201(d), but for a transfer to be valid, the conveyance must be "in writing and signed by the owner of the rights conveyed," id. § 204(a).

Insofar as McCants appears to argue that there are genuine issues of material fact with respect to whether he is a co-author of the composition, he arguably waived this contention, alluded to in his answer, by abandoning the position in his district court motion papers in

3

favor of an ownership-by-assignment argument. See Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 221 (2d Cir. 2006) ("[T]his Court ordinarily will not hear arguments not made to the district court."). In any event, the co-authorship argument is without record support. At his deposition, McCants admitted that Tolliver wrote the lyrics to the composition and that McCants did not personally make any contribution to the writing of the composition.

The record also belies McCants's contention that he entered into two written agreements with Tolliver that transferred partial ownership of Tolliver's copyright to McCants. At his deposition, McCants testified to having only one written contract with Tolliver, an artist contract, and he consistently maintained that his "understanding" with Tolliver regarding the transfer of ownership rights in the composition was based on a verbal agreement. McCants Dep. at 153:17. Such an unwritten agreement could not successfully have transferred Tolliver's ownership interest to McCants. See 17 U.S.C. § 204(a).

McCants has waived any other challenge to the summary judgment award by failing to brief any issues other than those discussed above. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding, in context of pro se appeal, that issues not raised in appellate brief are abandoned). Accordingly, the challenged judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4