Frederick v. United Brotherhood of Carpenters

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.**

Present:   ROBERT A. KATZMANN,
        *Chief Judge,*
      RALPH K. WINTER,
      REENA RAGGI,
        *Circuit Judges.*

_____

Nakeisha Frederick,

    *Plaintiff-Appellant*,

   v.              No. 15-1065

United Brotherhood of Carpenters and Joiners
of America,

    *Defendant-Appellee*,

Salvatorre Tagliagferro, Martin Tuozzo, Joseph Dinapoli,
Maria Concillo,

    *Defendants*.

_____

For Plaintiff-Appellant:    NAKEISHA FREDERICK, pro se, Brooklyn, N.Y.

For Defendant-Appellee:    HANAN B. KOLKO, Meyer, Suozzi, English &
                 Klein, P.C., New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Nakeisha Frederick, proceeding pro se, appeals the district court's judgment entered on March 26, 2015 dismissing, in part, her claims under Title VII of the Civil Rights Act of 1964 and granting the defendant summary judgment on her remaining claim. Frederick sued her former employer, claiming discrimination premised on a failure to promote, unequal terms of employment, retaliation, harassment, and, ultimately, her termination. The court dismissed all of her claims but one: her claim that her initial pay rate was less than that of another employee's. The court later granted the employer summary judgment on this claim, ruling that the evidence did not support an inference of discrimination. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, the United Brotherhood of Carpenters and Joiners of America (the "Union") argues that our jurisdiction is limited to the grant of summary judgment because Frederick did not identify the first order in her notice of appeal. A notice of appeal must "designate" the judgment or order being appealed. Fed. R. App. P. 3(c)(1)(B). We construe a notice of appeal liberally, "taking the parties' intentions into account." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). Our jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notices of appeal." *New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007).

2

Here, Frederick's notice of appeal was both dated April 1, 2015 and designated an April 1, 2015 decision. Nothing was entered in the district court on that date. Summary judgment was granted and judgment was entered in March 2015. However, construing the notice of appeal liberally, we infer that Frederick intended to appeal the judgment. *Cf. Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) (holding that "in the absence of prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders"). Because Frederick filed the notice of appeal after judgment was entered but did not correctly identify the entry date of any order or the judgment, the notice of appeal should be liberally construed to designate the judgment. It therefore brings up for appeal both the first order granting, in part, the motion to dismiss and the summary judgment order. *See Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997).

We review the grant of a motion to dismiss de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To state a Title VII claim, "a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). In particular,

> [a]n inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's

3

protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.

*Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (internal quotation marks omitted).

After review, we conclude that the court properly dismissed Frederick's claims based on the alleged failure to promote, her termination, a hostile work environment, the disparity between her pay and that of prior office managers, and retaliation. We affirm for substantially the reasons stated by the district court in its November 6, 2014 decision.

We additionally conclude that, as to her termination, Frederick did not allege facts giving rise to a plausible inference that she was fired due to her race, color, or national origin. Rather, she alleged that a Union officer and a newly hired secretary conspired to have her fired so that they could hire "people they know" and elect favorable board members. Title VII does not "forbid[] favoritism, nepotism, or cronyism, so long as it is not premised on animus against a protected class." *Village of Freeport v. Barrella*, 814 F.3d 594, 613 (2d Cir. 2016). The complaint did not allege any facts supporting an inference that these individuals were motivated by a prohibited animus. *Cf. DeCintio v. Westchester Cnty. Med. Ctr.*, 807 F.2d 304, 308 (2d Cir. 1986) (ruling that employer's promotion of his paramour "although unfair, simply did not violate Title VII").

We also review the grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). We resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the

nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n.*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To establish a prima facie case of pay discrimination under Title VII, a plaintiff must show that: "(1) she was a member of a protected class, (2) she was qualified for the job in question, (3) she was paid less than [a person outside the protected class] for the same work, and (4) the employer's adverse employment decision occurred under circumstances that raise an inference of discrimination." *Belfi v. Prendergast*, 191 F.3d 129, 140 (2d Cir. 1999).

After review, we conclude that the district court properly granted the Union summary judgment on the disparate pay claim. We affirm for substantially the reasons stated by the district court in its March 26, 2015 decision.

In particular, we affirm because Frederick failed to come forward with any evidence of discrimination. *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 85 (2d Cir. 2005) ("[C]onclusory statements, conjecture, or speculation are inadequate to defeat a motion for summary judgment." (internal quotation marks omitted)). In her deposition, Frederick herself attributed her initial pay rate to her reduced negotiating position (because the Union knew she was being paid less by her employment agency), and not to prohibited animus. She thus did not show that the decision to set her hourly rate "occurred under circumstances that raise an inference of discrimination." *Belfi*, 191 F.3d at 140.

5

We have considered all of Frederick's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk