19-2814-cv
Arroyo-Horne v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty.

PRESENT:     BARRINGTON D. PARKER,
             DENNY CHIN,
                  *Circuit Judges*,
             JANE A. RESTANI,
                  *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MONICA ARROYO-HORNE,

                  *Plaintiff-Appellant*,

          -v-                                                    19-2814-cv

CITY OF NEW YORK,

                  *Defendant-Appellee.*[±]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]      Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

[±]      The Clerk of the Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:  MONICA ARROYO-HORNE, *pro se*, Brooklyn, New York.

FOR DEFENDANT-APPELLEE:  DANIEL MATZA-BROWN, Assistant Corporation Counsel (Melanie T. West, Assistant Corporation Counsel, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.


Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Monica Arroyo-Horne, proceeding *pro se*, appeals from a judgment entered July 30, 2019, dismissing her claims against defendant-appellee City of New York (the "City").[1]  Arroyo-Horne, an administrative aide with the New York City Police Department (the "NYPD"), sued the City, the NYPD, and certain individuals affiliated with the NYPD, under Title VII, 42 U.S.C. § 2000 *et seq.*; the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; 42 U.S.C. §§ 1981, 1983, and 1985(3); and state law, alleging discriminatory and retaliatory harassment and mistreatment.  In three decisions, the district court dismissed her claims, which were set forth in three complaints, for failure to state a claim.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1]  The notice of appeal purports to appeal from a decision entered July 17, 2016, but no such decision appears in the record.

2

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## I. *Waiver of Claims on Appeal*

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Despite affording *pro se* litigants "some latitude in meeting the rules governing litigation," we "normally will not[] decide issues that a party fails to raise in . . . her appellate brief." *Id.*; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632-33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing h[er]self is obliged to set out identifiable arguments in h[er] principal brief." (internal quotation marks omitted)); *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (*pro se* litigant "waived any challenge" to the district court's adverse ruling mentioned only "obliquely and in passing" in opening brief).

Arroyo-Horne's opening brief raises arguments only with respect to her FMLA retaliation and interference claims. The brief contains no mention of her 42 U.S.C. §§ 1981 and 1985(3) claims, or her claims under state law. It mentions § 1983 twice, once in the jurisdictional statement and once in the statement of the case, but the brief contains no argument concerning that claim or why the district court erred in dismissing it. Similarly, the brief contains passing references to Title VII -- in the jurisdictional statement and statement of the case -- but raises no arguments with respect to the district court's September 2018 decision dismissing her Title VII claims for failure to state a claim or its alternative rulings in the July 2019 decision that she had both abandoned these claims and failed to state a claim. Accordingly, Arroyo-Horne has waived all challenges to the dismissal of her non-FMLA claims on appeal. *See Gerstenbluth*, 728 F.3d at 142 n.4.

## II. *FMLA Claims*

The district court properly dismissed Arroyo-Horne's FMLA claims for failure to state a claim in its December 2016, September 2018, and July 2019 decisions. We liberally construe Arroyo-Horne's brief to challenge the dismissal of the FMLA claims as set forth in the district court's decisions. *See Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) (per curiam) (absent prejudice to appellees, we "read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders"). The district court did not err in holding that Arroyo-Horne failed to plausibly allege an FMLA claim.

4

The FMLA "gives *eligible* employees an entitlement to twelve workweeks per year of unpaid leave because of a serious health condition that makes the employee unable to perform the functions of the position of such employee" and generally permits the employee to "return to the position [s]he held before the leave or its equivalent." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) (internal quotation marks and alteration omitted; emphasis added).

A threshold issue for both FMLA interference claims and FMLA retaliation claims is whether an employee is eligible under the statute to claim its protections. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016) ("[T]o prevail on a claim of interference with her FMLA rights, a plaintiff must establish . . . that she is an eligible employee under the FMLA . . . [and] that she was entitled to take leave under the FMLA."); *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (per curiam) (holding that for a prima facie case of FMLA retaliation, a plaintiff must establish that she "exercised rights protected under the FMLA" and "was qualified for [her] position").

To be eligible for FMLA leave, an employee must have been employed for at least twelve months by the employer from whom she is requesting leave, and she must have worked at least 1,250 hours with that employer in the twelve months prior to the beginning of her medical leave. 29 U.S.C. § 2611(2)(A); *see Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 715 (2d Cir. 2001). Arroyo-Horne sufficiently alleged that she had been employed for at least twelve months at the NYPD: in fact, she

5

alleged she had worked at the NYPD since March 2000. She did not allege, however, that she had worked 1,250 hours in the 12-month period prior to her requests for FMLA leave. The district court pointed out her substantive FMLA pleading flaws when it dismissed her initial complaint in December 2016, and when it dismissed her first amended complaint in September 2018. Despite this guidance, Arroyo-Horne did not explicitly plead an FMLA claim in her second amended complaint, mentioning the FMLA only in passing. Because Arroyo-Horne never pleaded FMLA eligibility in any of her complaints, the district court did not err in dismissing the FMLA claim for failure to state a claim. The arguments Arroyo-Horne makes on appeal repeat many of her allegations of harassing and retaliatory conduct, but do not address the defects in pleading FMLA eligibility.

*  *  *

We have considered Arroyo-Horne's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6