14-3633-cv

Elliott v. City of Hartford

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Submitted: January 5, 2016                                    Decided:  May 19, 2016)

Docket No. 14-3633-cv

_____

SANDRA ELLIOTT, individually and as the adminstratrix of the Estate of Asher
Tamara Glace,

*Plaintiff-Appellant*,

v.

CITY OF HARTFORD, CHRISTOPHER MORANO, individually and in his
official capacity as Chief State's Attorney of the State of Connecticut, KEVIN
KANE, individually and in his official capacity as Chief State's Attorney of the
State of Connecticut, PATRICK HARNETT, individually and in his official
capacity as Chief of Police of the City of Hartford,

*Defendants-Appellees*,

STATE OF CONNECTICUT, DARYL ROBERTS, individually and in his official
capacity as Chief of Police of the City of Hartford,

*Defendants*.[1]

---

[1] The Clerk of Court is respectfully directed to amend the official caption to
conform to the caption above.

_____

Before: POOLER, HALL, CARNEY, *Circuit Judges*.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*), granting defendants' motions for summary judgment. We hold that, in the absence of prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders. In an accompanying summary order, we affirm the district court's grant of summary judgment.

Affirmed.

_____

SANDRA ELLIOTT, Hartford, CT, *pro se Plaintiff-Appellant*.

JONATHAN H. BEAMON, Senior Assistant Corporation Counsel, Hartford, CT, *for Defendants-Appellees City of Hartford and Patrick Harnett*.

ZENOBIA G. GRAHAM-DAYS, Assistant Attorney General (Terrence M. O'Neill, *on the brief*), *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT, *for Defendants-Appellees Christopher Morano and Kevin Kane*.

PER CURIAM:

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*), granting defendants' motions for summary judgment. We hold that, in the absence of prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders. In an accompanying summary order, we affirm the district court's grant of summary judgment.

## BACKGROUND

This case arises out of a true tragedy. As recounted by the district court, on February 14, 2005, Asher Glace, plaintiff-appellant Sandra Elliott's daughter, witnessed the murder of O'Neil Robinson at the Cleveland Café, a nightclub in Hartford; Robinson was shot to death. The Hartford Police Department responded to the scene. Glace was the only witness who came forward. The Hartford Police Department took her into custody and transported her to police headquarters for further questioning. Glace gave a voluntary statement, giving the names of the victim and of the persons involved in the murder. She identified the shooter as Anthony Thompson, and stated that she had known him for two-

3

and-one-half years. In March 2005, Thompson went into hiding in Jamaica. He was arrested, and was extradited to Connecticut around May 2005. While Thompson was incarcerated, two inmates disclosed to the Hartford Police Department and a state's attorney that Glace's life was in danger because she planned to testify at Thompson's upcoming trial. On June 16, 2007, approximately two months before the trial was set to begin, Glace was shot and killed in her driveway.

Elliott, represented by counsel before the district court, filed a complaint on June 16, 2009 bringing claims related to her daughter's death. She filed an amended complaint on November 12, 2009. On May 17, 2010, the district court dismissed the complaint and amended complaint without prejudice, with leave to re-plead within 30 days. Elliott filed a second amended complaint on June 16, 2010. On January 26, 2012, Elliott filed a motion for leave to amend the complaint. Elliott stated that the "proposed amendment clarifies and narrows the allegations." Dist. Ct. Dkt. 3:09-CV-00948, ECF No. 49, at 1. Attached to the motion was a proposed third amended complaint. On August 10, 2012, the

4

district court held that Elliott "may file a Third Amended Complaint that adds former Chief Patrick Harnett as a defendant." Dist. Ct. ECF No. 69, at 12.

Defendants filed motions for summary judgment on October 31, 2012. The district court ruled on the pending motions for summary judgment in a pair of orders issued on September 30, 2013, one of which addressed the summary judgment motion made by Christopher Morano and Kevin Kane (the "State defendants"), and the other of which addressed the summary judgment motion made by Patrick Harnett, Daryl Roberts, and the City of Hartford (the "City defendants"). In one order, the district court granted the State defendants summary judgment. In the other, the district court granted the City defendants summary judgment on one claim, the substantive due process claim, but it denied without prejudice their motion for summary judgment on the other claim, the supervisory liability claim against Harnett. On November 20, 2013, the City defendants filed a renewed motion for summary judgment on the supervisory liability claim raised against Harnett, which the district court granted on August 22, 2014. The August 22, 2014 order stated that the "Clerk shall close this case."

Dist. Ct. ECF No. 97, at 19. On September 19, 2014, Elliott filed a notice of appeal.

That notice states:

> Notice is hereby given that Sandra Elliot, and as administratrix of the Estate, (plaintiffs) (defendants) in the above-named case, hereby appeal to the United States Court of Appeals for the SECOND Circuit (from the final judgment) (from an order (describing it)) entered in this action on the 22 day of August, [] 2014.

Dist. Ct. ECF No. 99 (footnote omitted). Five days later, on September 25, 2014, the district court's Clerk of Court issued judgment in favor of defendants. Elliott did not seek to amend the notice of appeal. However, Elliott's brief on appeal challenges rulings made by the district court in its September 30, 2013 orders, in addition to its August 22, 2014 order.

## DISCUSSION

In this opinion, we consider whether Elliott's notice of appeal grants us jurisdiction over the September 30, 2013 orders, in addition to the August 22, 2014 order, and we conclude that it does.

A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). This requirement is jurisdictional. *Gonzalez v. Thaler*, 132 S. Ct. 641, 651-52 (2012). However, "it is well settled that

courts should apply a liberal interpretation to that requirement." *Conway v. Village of Mount Kisco*, 750 F.2d 205, 211 (2d Cir. 1984). Further, "a notice of appeal filed by a *pro se* litigant must be viewed liberally, and not every technical defect in a notice of appeal constitutes a jurisdictional defect." *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir. 1990) (citations omitted). "Our task," therefore, "is to interpret the notice of appeal so as to remain faithful to the intent of the appellant, fair to the appellee, and consistent with the jurisdictional authority of this court." *Conway*, 750 F.2d at 211. Accordingly, "[a]s long as the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction." *Grune*, 913 F.2d at 43.

Keeping in mind this background, we hold that, in the absence of prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders. Such a reading flows naturally from our precedent. In *Phelps v. Kapnolas*, 123 F.3d 91 (2d Cir. 1997), our Court considered the effects of a pro se appellant merely listing the date of the final judgment in his notice of appeal. There, the district court issued

7

an order on December 9, 1994 that dismissed five defendants from the case; the district court issued a separate order on January 29, 1996, granting the remaining defendant's motion to dismiss. *Id.* at 92-93. We held that it was not "crucial" that the appellant's "*pro se* notice of appeal [did] not specify either of the orders," and "infer[red] from the appeal of the final judgment that [the appellant] mean[t] to contest the earlier dismissal against the five defendants, as well as the dismissal against [the final defendant]." *Id.* at 93.

*Conway* is also instructive. There, the notice of appeal was filed by former counsel on April 21, 1983, and stated that an appeal was "being taken from 'an Order dated March 14, 1983, granting defendant Martabanos's Motion to Dismiss Plaintiff's Complaint . . . and from each and every part of said order.'" 750 F.2d at 211. A prior district court order, dated January 7, 1983, granted the motion to dismiss made by another defendant, Cerbone. *Id.* The January 7, 1983 order "could not be appealed until the district court disposed of the remaining claims against the remaining parties," absent a certification pursuant to Federal Rule of Civil Procedure 54(b), which was never made. *Id.* But the notice of appeal did not mention the January 17, 1983 order, only the March 14, 1983 order. *Id.* Observing

that we are to "apply a liberal interpretation" to the Rule 3(c) requirement, our Court held that "this omission is of no consequence." *Id.* We concluded:

> [W]e should review the dismissal of the claims against Cerbone. The order dated March 14, 1983, dismissed the complaint "in all respects." It is perfectly clear that [the plaintiff] had no desire to abandon the adverse disposition of her claims against Cerbone. . . . [H]er notice of appeal reflects the intent to appeal all adversely determined dispositions from which an appeal could lawfully be taken at the time her notice of appeal was filed.

*Id.* at 211-12 (footnote omitted). In support of the proposition that the appellant "had no desire to abandon the adverse disposition of her claims against Cerbone," *id.* at 211, we noted that this was "manifest not only on inspection of her brief on appeal but her trial-court post-judgment supplemental affidavit dated September 2, 1983," *id.* at 211 n.10.

So it is here. The first September 30, 2013 order addressed the motion for summary judgment by the City defendants, and granted the motion in part and denied it in part, without prejudice. The second September 30, 2013 order granted the motion for summary judgment by the State defendants. The August 22, 2014 order granted the City defendants' renewed motion for summary judgment. Because claims remained against the City defendants, Elliott was

9

unable to appeal either of the September 30, 2013 orders until after the issuance of the August 22, 2014 order, which granted defendants summary judgment on the remaining claims and ordered the Clerk to "close this case." Dist. Ct. ECF No. 97, at 19. It is further evident from Elliott's brief that she intended to appeal rulings in the September 30, 2013 orders, in addition to the August 22, 2014 order, as she challenges numerous rulings made by the district court in its September 30 orders.

Finally, there is no indication that any appellee is prejudiced by our broad reading of the notice of appeal. All defendants-appellees filed briefs defending the merits of the district court's September 30, 2013 and August 22, 2014 orders. Indeed, no defendant argued that we are precluded from reviewing the September 30, 2013 orders. We therefore hold that we have jurisdiction over Elliott's appeal from the September 30, 2013 orders, in addition to the August 22, 2014 order. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (holding that a defective notice of appeal "did not mislead or prejudice the respondent" because "petitioner's intention to seek review of" both orders was "manifest," in particular because "both parties brief[ed] and argue[d] the merits of the earlier

judgment on appeal"); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 54-55 (2d Cir. 2004) (excusing defective notice of appeal because the pro se appellant's "intent to appeal" an issue in an order not mentioned in the notice of appeal "is clear, and the government does not argue that it was prejudiced or surprised by any defects in [the appellant's] notice of appeal"); *Action House Inc. v. Koolik*, 54 F.3d 1009, 1013 n.2 (2d Cir. 1995) ("Because both parties seem to have understood [the appellant's] notice of appeal to embrace the implicit denial of its motion for a new trial, and, liberally interpreted, the notice of appeal may fairly be said to do so, we conclude that [the appellant's] challenges to the jury instructions are properly before us.").

## CONCLUSION

For the foregoing reason, we hold that we have jurisdiction over all three of the district court's rulings on defendants' summary judgment motions. For the reasons stated in the accompanying summary order, the district court's grant of summary judgment in favor of defendants-appellees is AFFIRMED.