Mercer v. APS Healthcare, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand sixteen.

**PRESENT:**

> **Robert A. Katzmann,**
> > *Chief Judge,*
> **Robert D. Sack,**
> **Peter W. Hall,**
> > *Circuit Judges.*

---

James R. Mercer, Jr.,

> *Plaintiff-Appellant,*

> v.                                                                                          15-3171

APS Healthcare, Inc., in its individual and official capacity, Marika V. Winkler, APS Medical Reviewer, in her individual and official capacity, Jonathan S. Strenio, APS Medical Director, in his individual and official capacity, M. Christina Misa, Regional Medical Director, in her individual and official capacity, Gerald R. Amatucci, Regional Medical Director, in his individual and official capacity,

> *Defendants-Appellees.*

---

FOR APPELLANT:                James R. Mercer, pro se, Collins, NY.

FOR APPELLEES:                William C. Firth and Michael Joseph Murphy, Carter,
                              Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany,
                              NY; Barbara D. Underwood, Solicitor General, Andrew
                              Ayers, Senior Assistant Solicitor General, Jeffrey Lang,
                              Assistant Solicitor General, *for* Eric T. Schneiderman,
                              Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*, Treece, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James R. Mercer, proceeding pro se, appeals from the district court's denial of his 42 U.S.C. § 1983 complaint, which alleged that a prison health services provider, two of its employees, and two prison physicians were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, by repeatedly denying him an orthopedic evaluation. The district court granted summary judgment in favor of the defendants, finding that Mercer failed to present evidence that the defendants acted with the requisite level of culpability for deliberate indifference. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, we must "resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials . . . cannot

by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). We review discovery rulings for abuse of discretion. *Export-Import Bank of the Republic of China v. Grenada*, 768 F.3d 75, 85 (2d Cir. 2014).

To establish a constitutional claim of inadequate medical care, a prisoner must prove that the defendants were deliberately indifferent to his serious medical needs. *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). The deliberate indifference standard has an objective and a subjective prong. *Id*. To satisfy the objective prong, "the alleged deprivation of adequate medical care must be 'sufficiently serious.'" *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective prong requires that the prison official acted "with a sufficiently culpable state of mind." *Id*. at 280. The requisite level of culpability is akin to criminal recklessness; the defendant must have acted or failed to act "while actually aware of a substantial risk that serious inmate harm [would] result." *Id.* "[T]he [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he or she] must also draw the inference." *Farmer*, 511 U.S. at 837. "Thus, even if objectively unreasonable, a defendant's mental state may be nonculpable." *Salahuddin*, 467 F.3d at 281.

Upon review, we agree with the district court that Mercer did not satisfy the subjective prong of the deliberate indifference test. Specifically, Mercer failed to submit evidence creating a genuine issue of material fact as to whether the defendants were "actually aware of a substantial risk" of harm to Mercer when they denied several orthopedic evaluation referrals. *See id*. at 280. The evidence shows that the defendants denied the orthopedic referrals in favor of having Mercer

3

fully explore less invasive options, and does not suggest that they were aware of any substantial risk of harm created by these denials.  Even if their decision to delay a surgical evaluation in favor of physical therapy or a physiatrist evaluation amounted to medical malpractice, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *See Smith*, 316 F.3d at 184 (alteration omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mercer's challenge to the magistrate judge's denial of a motion to compel production of standardized clinical care guidelines relied upon by the defendants also fails.  As an initial matter, we have jurisdiction to review this order even though Mercer's notice of appeal did not identify the discovery order, because "we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders." *Elliott v. City of Hartford*, 823 F.3d 170, 171 (2d Cir. 2016) (per curiam).  However, Mercer waived review of this issue by failing to object to the magistrate judge's order denying his discovery request.  *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008).  In any event, the denial was not an abuse of discretion because, in lieu of requiring production of the guidelines, the magistrate judge ordered the defendants to provide a more detailed analysis of their determination of his treatment plan. This alternative is sufficient to withstand our review.

We have considered Mercer's remaining arguments on this appeal and are not persuaded by them.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4