Oparah v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand sixteen.

PRESENT:
>PETER W. HALL,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges,*
>NICHOLAS G. GARAUFIS,*
>>*District Judge.*

_____

Oma Oparah,

>*Plaintiff-Appellant*,

>v.                                                                                    15-3242

New York City Department of Education,

>*Defendant-Appellee.*

_____

FOR APPELLANT:                    Oma Oparah, pro se, Rosedale, NY

_____

\* Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE: VICTORIA SCALZO, Assistant Corporation Counsel (Scott N. Shorr, Assistant Corporation Counsel, *on the brief*) *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part, and the order denying reconsideration is **AFFIRMED.**

Appellant Oma Oparah, proceeding pro se, appeals from the district court's judgment enforcing an oral settlement agreement, whereby Oparah agreed to the dismissal of his claims against his former employer, the Department of Education ("DOE"), in exchange for $100,000 and a neutral employment reference. He also appeals from the denial of his motion to reconsider that judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, we note that, although Oparah designates in his notice of appeal that he is challenging only the district court's order denying his motion for reconsideration, we read his notice of appeal as also challenging the underlying judgment. *See Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) (holding that "in the absence of prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders"). As the DOE argues in its brief, however, we lack jurisdiction to review the underlying judgment. A motion for reconsideration filed within 28 days of the judgment tolls the 30-day deadline to appeal. Fed R. App. P. 4(a)(4)(A)(vi). Unlike the

jurisdictional 30-day deadline for filing a notice of appeal, the 28-day tolling deadline for filing a motion for reconsideration is a "claim-processing rule" that is subject to waiver and equitable exception. *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 311-13 (2d Cir. 2015). Here, Oparah moved for reconsideration past the 28-day deadline for doing so, the DOE has not waived its timeliness challenge, and Oparah does not argue that he is entitled to an equitable exception to excuse his untimely filing. His motion for reconsideration, therefore, did not toll the 30-day jurisdictional deadline within which he had to appeal from the judgment. *See* Fed. R. App. P. 4(a)(1)(A); *Weitzner*, 802 F.3d at 311-13. Because Oparah's notice of appeal was filed outside the 30-day jurisdictional deadline, and his untimely motion for reconsideration did not toll the time to appeal, we lack jurisdiction to review the underlying judgment and may only consider the denial of reconsideration.

We review the denial of reconsideration for abuse of discretion. *See Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Because Oparah fails to identify any such issue with the district court's decision denying reconsideration, we are unable to conclude that the district court exceeded the bounds of its discretion.

Oparah's appeal from the underlying judgment is **DISMISSED**, and the order denying reconsideration is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk