Galberth v. Washington

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand eighteen.

PRESENT:
>DENNIS JACOBS,
>ROSEMARY S. POOLER,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

Gregory Galberth,

>*Plaintiff-Appellant,*

>v.

>>>>17-2730

Washington,

>*Defendant-Appellee,*

John Doe, Officer at C 74, Jane Doe, at C 74, John Doe, Transportation Officer,

**Soto, City of New York, Ernst, Psychologist,**

                    *Defendants.**

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Gregory Galberth, Romulus, NY. |
| **FOR DEFENDANT-APPELLEE:** | Jane L. Gordon, Tahirih M. Sadrieh, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |
| **FOR AMICI CURIAE:** | David M. Shapiro, Bluhm Law Clinic, Northwestern Pritzker School of Law, Chicago, IL (*for* Legal Aid Society of New York and Roderick & Solange MacArthur Justice Center). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gregory Galberth sued a corrections officer, Fatimah Washington, and a psychologist, Eleanore Ernst, under 42 U.S.C. § 1983 for violations of the Eighth Amendment. The district court dismissed Galberth's claim against Ernst for failure to state a claim; the claim against Washington was dismissed on summary judgment on the ground that Galberth's failure to exhaust was not excused by his mental illness. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

_____

* The Clerk of Court is respectfully directed to amend the official caption as listed above.

**Washington.** We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted).

It is conceded that Galberth did not exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Galberth argues that Rikers's administrative remedies were unavailable to him because of his mental illness. Prisoners are exempt from the exhaustion requirement when administrative remedies are unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). However, *Ross* restricted the ways in which administrative remedies are unavailable, and eliminated a previously-recognized exception for special circumstances. *Id.* at 1858–60.

An administrative procedure is generally unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859–60). Here, Galberth has presented no evidence of such unavailability.

Even assuming that mental illness could render administrative remedies unavailable under the *Ross* standard, it did not do so in this case. Galberth's mental illness did not render him incapable of using the grievance process or, at a minimum, asking for assistance in using the grievance process. The medical records from his Rikers Island incarceration demonstrated that he was generally alert and aware, had no symptoms of psychosis, and that his thought processes

3

were relevant and goal-oriented.   He reported occasional hallucinations, anxiety, or depression; but he generally was able to discuss these issues with medical staff—and denied these symptoms on other occasions.   He was able to seek medical care for physical problems, inform medical staff that he had missed a dose of medication, and request that his housing be changed.   At most, the medical records reflect a long-term mental illness, with symptoms that fluctuated in severity but did not prevent Galberth from generally functioning.

**Ernst.** The claim against Ernst was dismissed for failure to state a claim, and although Galberth's notice of appeal notes that he was appealing from the summary judgment decision only, a pro se notice of appeal "must be viewed liberally, and not every technical defect in a notice of appeal constitutes a jurisdictional defect."   *Elliot v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (internal quotation marks omitted).   Galberth's notice of appeal showed that he intended to appeal from the judgment as well as the specific summary judgment decision.   This is sufficient to appeal from the order dismissing the claim against Ernst.   *See id.* at 173 (holding that where a pro se plaintiff's claims were dismissed in multiple orders, a notice of appeal that specified appeal from last order may be liberally construed to include the prior orders in the absence of prejudice to the appellee).   There was no prejudice as Galberth challenged the dismissal of his claim against Ernst in his brief and Washington also addressed the merits.   Therefore, we have jurisdiction to consider the merits of Galberth's arguments concerning Ernst.

We need not review the reasoning that supported dismissal for failure to state a claim, because we affirm the district court's dismissal of the claim against Ernst for failure to exhaust administrative remedies.   *See* 42 U.S.C. § 1997e(a); *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely.").

4

We have considered all of Galberth's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court