Gonzalez v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-one.

PRESENT:
> **ROBERT D. SACK,**
> **SUSAN L. CARNEY,**
> *Circuit Judges,*
> **RACHEL P. KOVNER[1]**
>
> *District Judge.*

_____

Alfred Gonzalez,

> *Plaintiff-Appellant*,

v.                                                                                          20-551

District Council 37, AFSCME, AFL-CIO, SSEU Local 371,

> *Defendant-Appellee*,

City of New York,

> *Defendant*.

_____

---

[1] Judge Rachel P. Kovner, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**                     Alfred Gonzalez, pro se, New York, NY.

**FOR DEFENDANT-APPELLEE:**                     Jeffrey L. Kreisberg, Kreisberg & Maitland, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alfred Gonzalez, proceeding *pro se*, sued his former employer, the City of New York (the "City"), and his union, District Council 37, AFSCME, AFL-CIO, SSEU Local 371 (the "Union"), following his dismissal from a tenured, permanent position in a competitive-class civil service job. The district court granted both (1) the City's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) the Union's motion for summary judgment under Federal Rule of Civil Procedure 56 on the basis that the district court lacked jurisdiction over Gonzalez's duty of fair representation claim and that Gonzalez could not sustain a conspiracy claim against the Union.[2] Gonzalez timely appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* both a district court's grant of a motion to dismiss a complaint pursuant to Rule 12(b)(6) and its grant of summary judgment under Rule 56. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam); *Chambers v. Time Warner, Inc.*,

---

[2] We construe Gonzalez's notice of appeal as challenging both of these orders. *See Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) ([I]n the absence of prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders."). Although the City did not file a brief on appeal, we see no prejudice to it in rendering our decision because we affirm the District Court's decision in the City's favor in all respects.

282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true and with all reasonable inferences drawn in the plaintiff's favor, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Chambers*, 282 F.3d at 152. "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Gonzalez does not challenge the district court's conclusions that it lacked jurisdiction over his claim that the City could not, consistent with its due process obligations, reveal his employment records to potential future employers and over his duty of fair representation claim against the Union; that he failed to state a § 1983 due process claim against the Union because it was not a state actor; and that he could not state a §1983 conspiracy claim against the Union if he failed to state a § 1983 due process claim against the City. He also does not challenge the district court's decision declining to exercise supplemental jurisdiction over any state-law claims. He has thus waived any appeal as to all of these issues. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant "abandon[s]" issue by failing to address it in his appellate brief).

Turning to Gonzalez's remaining due process claims on appeal: Public employees who can be fired only for cause, like Gonzalez, have a property interest in their continued employment, and they are entitled to due process when they are deprived of that interest. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39 (1985). "When such a public employee is terminated,

3

procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001).

The requirements for any such pre-termination hearing are "minimal." *Id.* at 173; *see also id.* at 174 (pre-termination hearing requires only "notice of the charges, an explanation of the nature of the employer's evidence, and an opportunity for the employee to respond," and does not need to be conducted by a neutral adjudicator). With respect to the requisite post-termination hearing, this Court has held that the availability in New York of an Article 78 proceeding satisfies the requirements of due process. *See id.* at 175 (holding, in the context of a § 1983 suit challenging the dismissal of a tenured public employee, that "[a]n Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes"); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996). Gonzalez acknowledged in his complaint that he allowed the four-month limitations period for an Article 78 proceeding to expire without bringing an Article 78 challenge. *See id.* (a plaintiff "cannot resuscitate [his] due process claim simply because an Article 78 proceeding is now barred by Article 78's four-month statute of limitations").

Gonzalez's argument on appeal is that he was not able or required to file an Article 78 petition to challenge his termination because he was never "validly" terminated. There was no valid termination, he contends, because the person who signed his termination letter was not authorized to do so. The district court did not err in declining to address this claim, however, since the claim turned on an allegation not made in the amended complaint and was raised for the first time in opposition to the Union's motion for summary judgment. *See Greenidge v. Allstate*

4

*Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (declining to reach merits of issue raised for the first time in opposition to summary judgment because "a district court does not abuse its discretion when it fails to grant leave to amend a complaint without being asked to do so"). In any event, this is precisely the type of challenge that Gonzalez could have raised in an Article 78 proceeding. *See, e.g.*, *Matter of Gagedeen v. Ponte*, 170 A.D.3d 1013, 1014 (2d Dep't 2019) (affirming dismissal of Article 78 petition after considering merits of petitioner's claim that his dismissal was improper because he was dismissed by a Deputy Commissioner of the Department of Corrections, rather than the Commissioner).

We have considered all of Gonzalez's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5