20-2873-cr
United States v. Rivera-Banchs

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-one.**

**PRESENT:**

> **PIERRE N. LEVAL,**
> **ROBERT D. SACK,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> v.                                                        **20-2873**

**John Rivera-Banchs,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |
| **FOR DEFENDANT-APPELLANT:** | John Rivera-Banchs, pro se, Rochester, NY. |

Appeal from an order of the United States District Court for the Western District of New York (Wolford, *J.*; Pedersen, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant John Rivera-Banchs, proceeding pro se, appeals from the district court's December 4, 2020 order denying his request to revoke Magistrate Judge Pederson's pretrial detention order.[1]  Rivera-Banchs was charged by indictment with one count of conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, which carries a statutory minimum term of imprisonment of 10 years and a maximum of life.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have jurisdiction to review the district court's detention order pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.  "As a rule, we apply deferential review to a district court's bail determination and will not reverse except for clear error."  *United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020) (citation and brackets omitted).  "Th[e] clear error standard applies not only to the court's specific predicate factual findings but also to its overall assessment, based on those predicate facts, as to the risk of flight or danger presented by defendant's release."  *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004).  Under this standard, we "will not reverse . . .

---

[1] Rivera-Banchs's notice of appeal and the jurisdictional statement in his brief clearly state that this appeal is taken only from the district court's December 4, 2020 detention order.  Thus, although his brief requests interlocutory review of several other aspects of his criminal proceedings, we do not have jurisdiction to review those claims in this appeal.  A notice of appeal must "designate the judgment, order, or part thereof being appealed," and that requirement is jurisdictional. *Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (quoting Fed. R. App. P. 3(c)(1)(B)).  To the extent that Rivera-Banchs argues that these other claims bear on the detention determination, those arguments are meritless.

unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." *United States v. Sabhnani,* 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks and citation omitted).

A district court shall order a person detained pending trial if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making its determination, the district court "shall . . . , take into account the available information concerning" four statutory factors, which are: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the possibility of danger to the community. 18 U.S.C. § 3142(g). Ordinarily, the burden is on the government to show that the defendant presents either a danger to the community or a flight risk, or both. But certain offenses, including the one charged here, create a rebuttable presumption of detention. *See* 18 U.S.C. § 3142(e)(3)(A) ("Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance" of a defendant charged with, inter alia, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act"); 21 U.S.C. § 841(b)(1)(A). In light of this presumption, although the government here retained the burden of persuasion, Rivera-Banchs bore "a limited burden of production . . . to rebut [the] presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). "Th[e] presumption does not disappear once the defendant has produced some rebuttal evidence, but continues to be weighed along with other factors." *United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000) (internal quotation marks and citation

3

omitted).

The district court's conclusion that no conditions of release could reasonably ensure Rivera-Banchs's appearance in court or the safety of the confidential informant in this case was not clear error. The court did not discuss potential conditions of release in its decision, but it may be presumed to be aware of the conditions suggested by Rivera-Banchs. Rivera-Banchs argues that the district court's finding of flight risk was clear error because he has never failed to appear in court or otherwise sought to evade the criminal justice system, and he has no passport or reason to flee anywhere. The district court concluded, however, that he had a "strong incentive to flee" not because of his personal history but because of the nature of the crime charged in this case— for which Rivera-Banchs faced ten years to life imprisonment—and the weight of the government's proffered evidence. This was not clear error. *See* 18 U.S.C. § 3142(g)(1)–(2); 21 U.S.C. § 841(b)(1)(A).

Rivera-Banchs also argues that the district court should not have considered his alleged threats to a confidential informant because he was never charged with a crime for those threats, and they were made against a confidential informant who had informed on him 27 years ago. But the government proffered that he made these threats shortly before his arrest in February 2020, and the district court was free to consider them as part of the government's proffer of evidence concerning his "character" if not his "past conduct." 18 U.S.C. § 3142(g)(3)(A). The district court reasonably concluded that these very recent, violent threats to a "snitch" from Rivera-Banchs' past demonstrated a likelihood that Rivera-Banchs would pose a risk to the safety of the informant in this case.

Rivera-Banchs also argues that the government had no evidence of his crimes, which we

construe as an argument that the "available information concerning . . . the weight of the evidence" favored his release. 18 U.S.C. § 3142(g)(2). This argument is without merit. The rules of evidence do not apply in a detention hearing, *see* 18 U.S.C. § 3142(f), and the government may "proceed by proffer alone." *LaFontaine*, 210 F.3d at 131 (citation omitted). The government proffered that it had strong evidence of the crimes charged, including recorded conversations, monitored drug sales, and documentation of the drug sales found in Rivera-Banchs's home. The district court did not err in finding that the government's "very strong" proffer of evidence and the nature of the crime charged demonstrated by a preponderance of the evidence that Rivera-Banchs posed a flight risk.

We have considered all of Rivera-Banchs's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the December 4, 2020 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
