23-834-cv
*Pardovani v. Miele*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

John Pardovani,

> *Plaintiff-Counter-
> Defendant-Appellant,*

v.                                                                      **23-834-cv**

Joel Miele, individually, Crown Building Maintenance Co.,

*Defendants-Counter-
Claimants-Appellees*,

**Jazz at Lincoln Center, Inc., Richard Cruz,
Individually,**

*Defendants-Appellees,*

**Ken Luciano, individually,**

*Defendant.*
_____

| | |
|---|---|
| **FOR PLAINTIFF- APPELLANT:** | John Pardovani, *pro se*, Rosedale, NY. |
| **FOR JOEL MIELE AND CROWN BUILDING MANAGEMENT:** | Greg Riolo, Jackson Lewis P.C., White Plains, NY. |
| **FOR JAZZ AT LINCOLN CENTER AND RICHARD CRUZ:** | Tracey Salmon-Smith, Jennifer G. Chawla, Faegre Drinker Biddle & Reath LLP, New York, NY. |

Appeal from the November 18, 2022 judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 18, 2022 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John Pardovani, a Black man and long-time janitor at

Jazz at Lincoln Center, sued his joint employers Defendants-Appellees Jazz at Lincoln Center and Crown Building Management ("Crown"), as well as two individual supervisors, alleging racial discrimination, retaliation, and a hostile work environment under federal and state law. He claimed, *inter alia*, that his supervisors and coworkers called him the N-word on multiple occasions and that they used the term regularly in his presence. Pardovani also alleged that his supervisors retaliated against him for reporting this misconduct.

A jury trial was held on Pardovani's claims (as well as a counterclaim not relevant to the instant appeal). On the second day of trial, the original district judge was unable to proceed, and a new district judge took over the case. *See* Fed. R. Civ. P. 63. The parties did not object.

The jury returned a verdict in Pardovani's favor as to the racial discrimination and hostile work environment claims, awarding $1.8 million in damages. However, the jury also found that the defendants had not retaliated against Pardovani under federal and state law.

Dissatisfied with this verdict, Pardovani fired his attorneys. After the district court extended the time to file post-judgment motions, he sought to alter the judgment and receive a new trial on both the retaliation claims and a new claim

of wrongful termination. The district court denied that motion. *See generally Pardovani v. Crown Bldg. Maint. Co.*, No. 15-cv-9065 (SHS), 2023 WL 3317904 (S.D.N.Y. May 9, 2023). Pardovani appealed *pro se*. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Although Pardovani's notice of appeal challenges only the district court's order denying his post-judgment motion, we read his notice of appeal as also challenging the underlying judgment. *See Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016). Having carefully reviewed the record and Pardovani's asserted claims of error—many of which were not preserved—we find no reason for reversal. The discussion that follows is confined to the major issues asserted in his briefs, which have been construed liberally "to raise the strongest arguments they suggest." *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

Pardovani contends that there was insufficient evidence to support the jury's verdict on his retaliation claims. We assume, without deciding, that Pardovani adequately preserved these claims, which we assess by viewing the facts and drawing all reasonable inferences in favor of the defendants. *See Ojeda*

4

*v. Metro. Transp. Auth.*, 41 F.4th 56, 63 (2d Cir. 2022). This court will vacate or overturn a verdict due to insufficiency of the evidence only if no reasonable jury could have rendered it, such as when there is a "complete absence" of supporting evidence. *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005) (internal quotation marks omitted).

Pardovani has not met this demanding standard. Prevailing on a retaliation claim requires satisfying causation and retaliatory-motive elements that are absent from discrimination and hostile work environment causes of action. *See Banks v. Gen. Motors, LLC*, 81 F.4th 242, 275 (2d Cir. 2023) (addressing retaliation claims under Title VII, the New York State Human Rights Law, and 42 U.S.C. § 1981); *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (addressing retaliation claims under the broader New York City Human Rights Law). Indeed, the jury could have reasonably determined that the defendants created a hostile work environment but did not retaliate or take action against Pardovani for reporting his experiences. Although Pardovani argues that a reasonable factfinder could have ruled in his favor, that is not enough to upset the jury's finding to the contrary.

Relatedly, Pardovani challenges the district court's jury instructions on the

5

retaliation claims. Although he does not appear to have preserved that challenge, *see* Fed. R. Civ. P. 51(c), even if he had, reversal would not be warranted unless the instructions, taken as a whole, misled the jury or did not adequately convey the law. *See Uzoukwu v. City of New York*, 805 F.3d 409, 414 (2d Cir. 2015). Having reviewed the instructions—which the record reflects were the result of significant effort by counsel for both sides and the district court—we do not perceive an error that would warrant setting aside the verdict.

Pardovani also argues that the new district judge was unprepared or biased. This assertion was based primarily on the judge's disclosure that he had attended events at Jazz at Lincoln Center and on adverse rulings made throughout the trial. But Pardovani neither raised a contemporaneous objection to proceeding with the successor judge nor sought his recusal. Additionally, adverse rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Finally, Pardovani raises a myriad of other supposed evidentiary errors, ranging from a motion in limine ruling about a swastika found in a locker room to various sustained or overruled objections at trial. We have reviewed each preserved issue for abuse of discretion, mindful that we will reverse only for

6

manifest error.  *See Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010).  We conclude that each of the challenged rulings was a permissible exercise of the district court's broad discretion.[1]

We also review the denial of the post-judgment motion for abuse of discretion.  *See Restivo v. Hessemann*, 846 F.3d 547, 569 (2d Cir. 2017) (delineating the standard of review for denials of motions for new trial); *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (explaining the standard of review for denials of motions for reconsideration).  Because we determine that the district court did not commit errors warranting a new trial, it follows that the district court did not abuse its discretion in denying the post-judgment motion premised on many of the same grounds.  Moreover, we reject Pardovani's belated attempt to add a new wrongful-termination claim.  *See* Fed. R. Civ. P. 15(b) (addressing amendments to the pleadings during and after trial).

---

[1] Moreover, even if the challenged rulings were partly in error, most pertained to his direct claims of discrimination or hostile work environment, not retaliation.  For instance, the defense was permitted to inquire about Pardovani's social media posts in which he used allegedly inflammatory language, ostensibly to show that he could not have been bothered when others in the workplace used similar language.  *See Pardovani*, 2020 WL 2555280, at *4 (addressing—and questioning—the same theory at summary judgment).  Pardovani objects to this ruling, but does not address how it would have been relevant to his retaliation claims.

\* \* \*

We have considered Pardovani's remaining arguments and find them to be

without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court