24-2762
*Hill v. State Univ. of NY at Buffalo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

CHARLENE HILL,

      *Plaintiff-Appellant,*

      v.                    No. 24-2762

STATE UNIVERSITY OF NY AT BUFFALO,

      *Defendant-Appellee.*

_____

**For Plaintiff-Appellant:**                        Charlene Hill, *pro se*, Buffalo, NY.

**For Defendant-Appellee:**                        No appearance.

Appeal from orders of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the July 10, 2024 order of the district court is **DISMISSED**, and the September 16, 2024 order of the district court is **AFFIRMED**.

Charlene Hill, proceeding *pro se*, appeals from two post-judgment orders of the district court: (1) a July 10, 2024 order denying Hill's motion to reopen her claims for employment discrimination and retaliation against her employer, the State University of New York at Buffalo (the "July 10 Order"), and (2) a September 16, 2024 order denying her motion for an extension of time to file a notice of appeal and for the appointment of counsel (the "September 16 Order"). The district court had previously dismissed Hill's complaint without prejudice to refiling. *See* 19-cv-1725 (RJA), Doc. No. 11. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

2

## I. This Court Lacks Jurisdiction over Hill's Appeal of the July 10 Order

Under Federal Rule of Appellate Procedure 4(a)(1), a party must file a notice of appeal with the district court "within 30 days after entry of the judgment or order appealed from." The district court may extend the deadline to file a notice of appeal if a party "moves no later than 30 days after the time prescribed by this Rule 4(a) expires," so long as the party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)–(ii). The time limits of Rule 4 are "mandatory and jurisdictional" – indeed, "these time limits are the one procedural area which courts of appeal are expressly forbidden from altering or suspending in an individual case." *United States v. Outen*, 286 F.3d 622, 630 (2d Cir. 2002) (internal quotation marks omitted) (holding that an appellate court has no jurisdiction to consider an appeal that is not timely filed); *see also* Fed. R. App. P. 26(b).

In her notice of appeal, Hill indicated that she was appealing the July 10 Order denying her motion to reopen the case. Under Rule 4(a), Hill had thirty days from the entry of the order to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). She did not do so until October 10, 2024 – almost three months after the order was entered, and two months after the deadline had passed. Her appeal

3

of the July 10 Order was therefore untimely, and we lack appellate jurisdiction to hear an appeal of that order. *See Outen*, 286 F.3d at 630.

## II. This Court Has Jurisdiction to Review the September 16 Order

While Hill's notice of appeal did not mention the September 16 Order, we may liberally construe her notice to also appeal that order. It is true that Rule 3(c)(1)(B) requires that a notice of appeal "designate the judgment – or the appealable order – from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). Nevertheless, we have previously held that "courts should apply a liberal interpretation to that requirement," particularly with respect to the filings of *pro se* litigants. *Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (internal quotation marks omitted). So long as "the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the district court . . . the notice's technical deficiencies will not bar appellate jurisdiction." *Id.* at 172–73 (internal quotation marks omitted).

Even though Hill's notice of appeal only designated the July 10 Order, her notice was filed after – and directly referenced – the district court's denial of her motions for an extension of time to appeal and for the appointment of counsel. We therefore liberally construe Hill's notice of appeal as seeking to appeal both the

July 10 Order and the September 16 Order. And because Hill filed the notice of appeal within thirty days of the September 16 Order, the appeal of that order is clearly timely. *See* Fed. R. App. R. 4(a). We therefore have appellate jurisdiction to hear her appeal of that order.

**III.    The District Court Did Not Abuse its Discretion in Denying Hill's Motion for an Extension of Time to File a Notice of Appeal and for Appointment of Counsel**

Under Federal Rule of Appellate Procedure 4(a)(5), "[t]he district court may extend the time to file a notice of appeal if:  (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; *and* (ii) . . . that party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A) (emphasis added). "We review a district court's refusal to grant an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) for abuse of discretion." *Alexander v. Saul*, 5 F.4th 139, 146 (2d Cir. 2021) (internal quotation marks omitted). "Such an order cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors." *Id.* at 146–47 (internal quotation marks omitted).

5

The district court properly denied Hill's motion for an extension of time to appeal because it was not timely filed under Rule 4(a)(5)(A)(i).  Under Rule 4(a), Hill had 30 days, or until August 9, 2024, to appeal the district court's July 10 Order denying her motion to reopen the case.  *See* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A). Under Rule 4(a)(5), Hill then had 30 days after the time prescribed by Rule 4(a) expired, or until September 9, 2024, to move for an extension of time to appeal.  *See* Fed. R. App. P. 4(a)(5)(A)(i); 26(a)(1)(C) (extending filing deadline to next day that is not a Saturday, Sunday, or legal holiday).  Hill did not move for an extension of time to appeal until September 11, 2024.  Accordingly, the district court did not abuse its discretion in concluding that Hill's motion for an extension of time was untimely.  And since the district court properly denied the motion for an extension of time to appeal, it did not abuse its discretion in also denying as moot Hill's motion for appointment of counsel.

\*       \*       \*

We have considered Hill's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** Hill's appeal of the June 10 Order for lack of appellate jurisdiction, and we **AFFIRM** the district court's September 16 Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court