21-16-cv
Persico v. Cassadei

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of November, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                    *Circuit Judges*.

_____

GEORGE P. PERSICO,

                    *Plaintiff-Appellant*,

             v.                                          21-16-cv

MICHAEL F. CASSADEI, ANNMARIE NERI,
CASSADEI & NERI,

                    *Defendants-Appellees*.

_____

Appearing for Appellant:     George P. Persico, pro se, Clayton, N.C.

Appearing for Appellee:      Michael Elio Basile, Esq., Schenectady, N.Y.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

    **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

George P. Persico appeals from the October 20, 2020 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) granting the motion for summary judgment made by Michael F. Cassadei and Annmarie Neri ("Defendants"). Persico sued asserting state-law claims of unjust enrichment and conversion. Persico alleged that the defendants agreed to manage real property he owned ("Property") and collect rent from tenants, but that they instead allowed the Property to fall into disrepair and kept the rental payments for themselves. Defendants moved for summary judgment arguing, among other things, that they never formally agreed to manage the property, did not damage the property, and did not take money belonging to Persico. Persico, through counsel, opposed the motion. The district court, in granting summary judgment, found that the Defendants never agreed to be responsible for the Property and noted that Persico's assertion that the defendants withheld rental payments was based on his "assumptions" rather than evidence in the record. Persico moved for reconsideration, asserting that (1) new evidence in the form of two $500 checks from Cassadei showed that the Defendants withheld rent payments, and (2) the district court overlooked Persico's claim that the Defendants damaged the Property, which he framed as a state-law waste claim. The district court denied the motion. Persico filed a notice of appeal that referenced only the October 20, 2020 judgment, and did not list the decision denying reconsideration among the orders appealed from. Persico also filed a "motion to deny summary judgment" in this Court. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Rule 3(c) of the Federal Rules of Appellate Procedure provides that a notice of appeal must "designate the judgment, order, or part thereof being appealed[.]" Fed. R. App. R. 3(c)(1)(B). This requirement is jurisdictional. *Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (per curiam). We construe notices of appeal liberally, both in pro se and counseled cases, *see Smith v. Barry*, 502 U.S. 244, 248–49 (1992) (pro se); *Pichardo v. Ashcroft*, 374 F.3d 46, 54–55 (2d Cir. 2004) (counseled), and are not jurisdictionally barred from reviewing a judgment if the notice of appeal "evinces an intent to appeal" said judgment. *Elliott*, 823 F.3d. at 172–73. But we "generally lack jurisdiction to review a decision that was not mentioned in the notice of appeal." *PHL Variable Ins. Co. v. Town of Oyster Bay*, 929 F.3d 79, 87 (2d Cir. 2019); *New Phone Co. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007) ("While we may construe the rules liberally, we do not have the authority to waive the jurisdictional requirements of [Fed. R. App. P. 3]."); *see*, *e.g.*, *Johnson v. Perry*, 859 F.3d 156, 168 (2d Cir. 2017) (where notice of appeal did not specify that defendant wished to appeal from the court's revival of plaintiff's due process claim, but expressly referred only to the court's denial of the appellant's motion for summary judgment, the Court could not "infer that the notice encompassed any ruling by the district court other than that denying [the] summary judgment motion").

Here, Persico's notice of appeal, filed by counsel, indicated that he sought to appeal only "from a final Judgment entered October 20, 2020 and accompanying Memorandum-Decision and Order also entered October 20, 2020," i.e., the order granting the defendants' motion for summary judgment. The notice of appeal mentions Persico's motion for reconsideration, but only to show that its filing tolled his time to appeal from the district court's grant of summary judgment rendering and the appeal of the summary judgment order timely. Nothing in the notice of appeal evinces an intent to appeal from the order denying reconsideration. We therefore have jurisdiction to review only the order granting the Defendants' motion for summary judgment.

However, Persico's appellate brief challenges only the district court's denial of his motion for reconsideration. He copied the argument from the memorandum his counsel filed in support of the motion for reconsideration in district court, which became his brief on appeal. His brief thus focuses on the two $500 checks he received from Cassadei and argues that this new evidence demonstrates that genuine issues of material fact existed regarding his claim for unjust enrichment and that the district court overlooked his waste claim. Persico requests that the motion for summary judgment be "denied," but does so as part of a broader argument in support of reconsideration. Persico has thus abandoned any challenge to the district court's grant of summary judgment in his appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

Regarding Persico's "motion to deny summary judgment" filed in this Court, he argues in a supporting affidavit that the district court abused its discretion in denying the reconsideration motion; that Cassadei concealed material information and committed perjury in various documents and had control of Persico's property, which the district court failed to address; and that the parties had a landlord-tenant relationship. Some of these conclusory assertions repeat arguments contained in Persico's appellate brief. Other contentions—for example, the existence of a landlord-tenant relationship and Cassadei's alleged perjury—are raised for the first time on appeal, and we therefore do not consider them. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

We have considered the remainder of Persico's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED, and Persico's motion is DENIED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk